IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **CRIMINAL ACTION NO.** **1:20-CR-114-WMR-CCB-5** |
| DESIRE ELORM TAMAKLOE, | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Defendant is charged with one count of conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Doc. 13). The matter is before the Court for consideration of Defendant's motion to suppress a phone and statements he made to agents, (Doc. 428), and the sealed supplement to Defendant's motion to suppress, (Doc. 470). For the reasons discussed below, I recommend that the motion to suppress be **DENIED AS MOOT**.

Defendant filed a motion to suppress evidence seized during the execution of a search warrant on March 20, 2020, as well as any statements that he made to agents. (Doc. 428). Defendant subsequently filed a supplement to the motion to suppress, which is under seal. (Doc. 470). The Court held an evidentiary hearing

on April 27, 2021. (Doc. 513). At the hearing, the Government made clear that it had not been able to search Defendant's phone, and that it would not use any evidence from Defendant's phone in its case in chief. *Id.* at 7–9. The Government reiterated in a subsequent conference with the Court that it had not searched any phone belonging to Defendant. (Doc. 548). And Defendant agreed that, because the Government has not searched Defendant's phone, his motion to suppress anything seized from his phone is moot. (Doc. 513 at 8–9).[1]

Following the evidentiary hearing, Defendant conceded that he waived his *Miranda* rights and that the statements he made were voluntary. (Doc. 536 at 1–2). As such, he withdrew that portion of the motion seeking to suppress his statements. *Id.* Because the Government has not searched Defendant's phone, and because he has withdrawn the potion of the motion related to his statements, I **RECOMMEND** that the motion to suppress, (Doc. 428), as supplemented by Doc. 470, be **DENIED AS MOOT**.

---

[1] The Court has had discussions with counsel for both parties about the Government returning Defendant's phone to him. The Court stated that, if the parties could not resolve the issue, Defendant was free to file a motion for return of seized property. No such motion has been filed.

**IT IS SO RECOMMENDED,** this 11th day of January, 2022.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE