**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____

**UNITED STATES OF AMERICA,**

   v.

**DESIRE TAMAKLOE,**

   **Defendant.**
_____

)
)
)
)  **Case No.**
)
)  **1:20-cr-00114-WMR-CCB**
)
)
)
)
)
)

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the above named Defendant, by and through undersigned counsel, and files his Sentencing Memorandum setting forth the various factors as well as his points and authorities that he requests the Court to consider in determining the appropriate sentence to impose in the instant case.

The defense submits the instant Memorandum, which is largely biographical in nature, for two purposes. One, Mr. Tamakloe would like the Court to understand more about him and his background beyond what was included in the Presentence Investigation Report. Two, Mr. Tamakloe would like the Court to consider the sentencing factors pursuant to Title 18 U.S.C. § 3553(a) in determining what sentence is appropriate for Mr. Tamakloe.

**INTRODUCTION**

There is no question that this Honorable Court is keenly aware of the advisory nature of the United States Sentencing Guidelines under current case law, and the fact that the key to sentencing is reasonableness. *See* 18 U.S.C. § 3553, *Kimbrough v. United States*, 552 U.S. 85-90-91 (2007); and *Gall v. United States,* 552 U.S. 38, 46 (2007). As this court knows well, there is no limitation on considerations regarding the background, character and conduct of a defendant for the purpose of imposing a sentence. *See* 18 U.S.C. § 3661. Indeed, this Honorable Court is provided with substantial deference in weighing §3553 factors and granting a variance. *See* e.g., *United States v. Clay*, 483 F.3d 739 (11th Cir. 2007); *United States v. Gonzalez*; 550 F.3d 1319 (11th Cir. 2008); *United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009); *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010)(en banc).

Moreover, this Court is sufficiently informed that sentences must always conform to the broad command of the parsimony principle, which requires that sentences be "sufficient, but not greater than necessary" to comply with the four identified purposes of sentencing. *See, e.g., Dean v. United States*, 147 S.Ct. 1170 (2017) quoting 18 U.S.C. § 3553(a). Accordingly, further analysis of these fundamental principles and purposes of sentencing would not be helpful.

However, it is important to remember that:

> [a]dditonal months in prison are not simply numbers. Those months have exceptionally severe consequences for the incarcerated individual. They also have consequences for both society, which bears the direct and indirect costs of incarceration and for the administration

> of justice which must be at its best when, as here, the stakes are at their highest.

> *United States v. Jenkins*, 854 F.3d, 181, 192 (2nd Cir. 2017) Parker, CJ

## II. DESIRE TAMAKLOE'S BACKGROUND

Mr. Tamakloe is a devoted father to his children (none of which are his biologically) and a mentor and father figure to several children in the community. Just about every character letter attached to this memorandum has a story about Desire understanding and taking accountability of his actions, learning from this conduct, being an outstanding father, and helping children learn the art of boxing, and helping others. (See Exhibits 1-22). Desire is a devoted coach and teacher to several young people in the community who count on him for guidance and mentorship.








This court will see the numerous letters attached as Exhibits 1-22 to this Sentencing Memorandum and the reputation and character of Desire Tamakloe outside of his criminal conduct, for which he accepts full responsibility. Many of the letters mention time and again how Mr. Tamakloe is a wonderful father to his children. This is important for the Court's consideration because Mr. Tamakloe does not have any biological children of his own. But Mr. Tamakloe has taken several

young people under his wings and has served as such a father figure that he created no distinction for the children that he is helping to raise. He treats his responsibility to help educate, mold, raise and take care of the children as seriously as if he were their own father. That is why so many people around Mr. Tamakloe talk about his dedication to "his children." This demonstrable character trait helps contextualize the notion that people are complex. Despite his good deeds and caring heart for children that are not his own, Mr. Tamakloe admits that he made a horrible mistake in participating in the scheme that lands him before this Court.

Mr. Tamakloe realizes the seriousness of his offense and that the resulting harm warrants imprisonment. He cannot escape that reality. During the time he is serving incarceration, Mr. Tamakloe will be separated from those children who he loves dearly and who has counted on his guidance and support. Moreover, Mr. Tamakloe has suffered significant harm to his reputation and he understands that his freedom will be lost. Mr. Tamakloe recognizes that he brought this own himself. Mr. Tamakloe is prepared to accept responsibility and plead for mercy.

## II. Acceptance of Responsibility

A guilty plea is often "the first step towards rehabilitation." U.S. Sentencing Commission, Preliminary Draft of Sentencing Guidelines §B321 (Sept. 1986); *see also Brady v. United States*, 397 U.S. 742, 753 (1969). Courts look to an offender's level of contrition and remorse. *See e.g. United States v. Cook*, 922 F.2d 1026, 1027

(2nd Cir. 1990)("acceptance of responsibility necessitates candor and remorse"); *United States v. Eyder*, 67 F.3d 1386 (9th Cir. 1995)("[T]he key inquiry for purpose of (acceptance) is whether the defendant has demonstrated contrition. . ."); *United States v. Hill*, 911 F.2d 129, 131 (8th Cir. 1990) (denial of adjustment for a defendant who "did not express sorrow or state he wished he had not committed the crime"). The reduction for acceptance of responsibility is intended to reward defendants who express contrition for their wrongdoing and evidence a desire to reform their conduct. *See United States v. Williams*, 627 F.3d 839, 844-45 (11th Cir. 2010).

As this Court can see from the attached letters of colleagues, friends, community leaders, and family, Mr. Tamakloe has taken responsibility for his actions in this case, understands what he did was wrong, is prepared to accept his fate from this court, and is determined to never be in this position again. Mr. Tamakloe is deeply sorry for the hurt the case caused, he realizes the seriousness of his actions and fully understands the role he played in facilitating this criminal activity. He accepts responsibility and asks this court for leniency.

### III. Home Confinement as a Condition of Bail

It is well established under the law that Mr. Tamakloe is not entitled to any credit towards his sentence for the period of time he has served on home confinement as a condition of his bail. *Rodriguez v. Lamar,* 60 F.3d 745, 748 (11th Cir. 1995) (holding that under *Reno v. Koray*, 515 U.S. 50, 58 (1995) time spent under house

arrest did not qualify as "official detention" pursuant to §3585(b)). Mr. Tamakloe is not asking for credit for the time he served in home incarceration, but rather asking the Court to consider the home incarceration as it makes its determination on a sentence that is "sufficient, but not greater than necessary" to fulfill the objective of the four purposes of sentencing. Mr. Tamakloe, by his own fault has been under home incarceration since April 26, 2021, approximately two years. (Tamakloe PSR at 18.) In that time, Mr. Tamakloe had one minor violation of leaving the residence without proper authorization on September 14, 2021. (Tamakloe PSR at 18). Mr. Tamakloe had several bond violations in the first ten months of his pretrial release but since home incarceration, he learned a very valuable lesson regarding his freedom. He has had no further violations and has remained fully compliant. During that period of home incarceration, he has shown deep remorse and come to grips with what it means to not have freedom to move, travel, visit a friend, see a loved one, go for a walk in the park, and to have to consistently answer to an officer.

The goals of sentencing are to achieve justice, deterrence, incapacitation, and rehabilitation. When the court looks at the significant change of behavior and post offense conduct regarding Mr. Tamakloe's home incarceration, it is obvious that Tamakloe understands and got the message of what it meant to lose freedom. The house incarceration clarified for him the seriousness of his actions, the consequences he will face, and it put a firm desire in his being to never be in this position again,

and to make good of any second chance he may receive. Mr. Tamakloe' home incarceration conduct provides evidence to this Court that there is no risk of recidivism. The lesson has been learned. Mr. Tamakloe placed his own judgment above the law in this case. He accepts that and requests mercy in this Court's determinative sentence.

And in determining the sentence that is sufficient, but not greater than necessary, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. As the Second Circuit has noted:

> "Sentencing, that is to say punishment, is perhaps the most difficult task of a trial court judge." Jack B. Weinstein, *Does Religion Have a Role in Criminal Sentencing?* 23 Touro L. Rev. 539 (2007). While there are many competing considerations in every sentencing decision, a sentencing judge must have some understanding of "the diverse frailties of humankind." *See Woodson v. North Carolina,* 428 U.S. 280, 304, 96 S. Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). In deciding what sentence will be "sufficient, but not greater than necessary" to further the goals of punishment, 18 U.S.C. § 3553(a), a sentencing judge must have generosity of spirit, that compassion which causes one to know what it is like to be in trouble and in pain. Guido Calabresi, *What Makes a Judge Great: To A. Leon Higginbotham, Jr.,* 142 U. Pa. L. Rev. 523 (1993); *see also* Edward J. Devitt, *Ten Commandments for the New Judge*, 65 A.B.A. J. 574 (1979), *reprinted in* 82 F.R.D. 209 (1979) (Be kind. If we judges could possess but one attribute, it should be a kind and understanding heart. The bench is no place for cruel or callous people regardless of their other qualities and abilities. There is no burden more onerous than imposing sentence in criminal cases.").
>
> *United States., v. Singh*, 877 F.3d 107 (2nd Cir. 2017).

Respectfully submitted,

    This, the 14th Day of April 2023.

                                        <u>Michael T. Sterling</u>
                                        437 Memorial Dr., SE
                                        Suite A-2
                                        Atlanta, Ga 30312
                                        Ga Bar No. 745667
                                        michael@dreyersterling.com
                                        Ph: (470) 354-0600